IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SCOGGINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SCHULTZ,<br><br>　　　　　Respondent. | No. 2:24-CV-1398-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the Court are: (1) Respondent's motion to dismiss, ECF No. 14; and (2) Petitioner's motion for a stay-and-abeyance order, ECF No. 7.  In the motion to dismiss, Respondent argues that the action must be dismissed because none of the claims raised have been exhausted in state court.  In his motion for a stay-and-abeyance order, Petitioner seeks a stay pursuant to Rhines v. Weber.  For the reasons discussed below, the Court finds that a stay is warranted and that the unexhausted petition should be dismissed.

　　　　Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional

deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies."  Batchelor v. Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional requirement, and the court may raise the issue sua sponte.  See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).  Unless the petitioner can show that a stay of the federal petition to allow for state court exhaustion proceedings is warranted, a petition asserting unexhausted claims should be dismissed.  See Mena v. Long, 813 F.3d 907 (9th Cir. 2016); Wooten v. Kirkland, 540 F.3d 1019, 1026 (9th Cir. 2008) (citing Rhines v. Weber, 544 U.S. at 278); Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).

Here, Petitioner pleaded no contest to robbery, assault with a deadly weapon, possession of a firearm, and first-degree burglary with enhancements.  See ECF No. 15-1. Petitioner was sentenced to a determinate prison term of 25 years and four months.  See id. Petitioner did not file a direct appeal.  Petitioner filed a post-conviction petition in the California Supreme Court on May 31, 2024.  See ECF No. 15-2.  That action remains pending.  The instant federal petition was filed on May 16, 2024.  See ECF No. 1.  Because the California Supreme Court has not yet ruled on Petitioner's post-conviction action, his claims are not exhausted and the Court agrees with Respondent that, absent cause for a stay-and-abeyance order, this action must be dismissed.

Where, as here, the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  See Jackson, 425 F.3d at 661.  If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies.  See Jackson, 425 F.3d at 661; see also King

1    v. Ryan, 564 F.3d 1133 (discussing types of stay-and-abeyance procedures).

2    Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order as to mixed petitions, the court must determine that there was good cause for failing to exhaust claims before raising them in the federal case.  See Rhines v. Weber, 544 U.S. at 277.  If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics.  See id. at 278.  Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless.  See id. at 277.  If a stay-and-abeyance order is issued with respect to a mixed petition, the district court may employ a three-step procedure which involves: (1) the dismissal of unexhausted claims from the original petition; (2) a stay of the remaining claims pending exhaustion; and (3) amendment of the original petition to add newly exhausted claims that then relates back to the original petition.  See Calderon v. United States Dist. Ct. (Taylor), 134 F.3d 981, 986-88 (9th Cir. 1998).

Under Kelly, the district court is required to ". . . consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070).  Whether to exercise this option is within the discretion of the district court.  See Kelly, 315 F.3d at 1070.  However, the Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would otherwise be forfeited." Id.  Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled.  See id.

In this case, Petitioner seeks a stay-and-abeyance order pursuant to "Rines." Though Petitioner appears to reference Rhines v. Weber, that case does not apply because the petition on file a not a mixed petition containing both exhausted and unexhausted claims. Rather, the current federal petition contains no exhausted claims.  For the same reason, Kelly v. Small is inapplicable because that case applies where the petition on file contains exhausted claims, and the petitioner seeks to add new claims which are unexhausted.

/ / /

3

Neither stay-and-abeyance process is applicable here because there is no need for a stay order.  A stay provides a process whereby a petitioner can preserve the filing date of the federal petition for statute of limitations purposes.  In this case, there is no such concern raised in that state court exhaustion proceedings are ongoing, and Petitioner would be entitled to statutory tolling of the one-year limitations period for the time Petitioner's state post-conviction action is pending. See 28 U.S.C. § 2244(d)(2). Moreover, even if the Court were to analyze Petitioner's request for a stay-and-abeyance order under either Rhines or Kelly, Petitioner fails to show good cause under Rhines and, as discussed above, Petitioner cannot show a Kelly stay is necessary due to the possible forfeiture of claims.

Based on the foregoing, the undersigned recommends as follows:

1. Petitioner's motion for a stay-and-abeyance order, ECF No. 7, be denied.
2. Respondent's unopposed motion to dismiss, ECF No. 14, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 19, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE