IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SCOGGINS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SCHULTZ,<br><br>　　　　　Respondent. | No. 2:24-cv-01398-DAD-DMC (HC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING BOTH PETITIONER'S MOTION FOR A STAY AND RESPONDENT'S MOTION TO DISMISS WITHOUT PREJUDICE TO THEIR RENEWAL<br><br>(Doc. Nos. 7, 14, 16) |

Petitioner, a prisoner proceeding *pro se* and *in forma pauperis*, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 20, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's unopposed motion to dismiss the petition (Doc. No. 14) as unexhausted be granted and petitioner's motion for a stay and abeyance of this federal habeas proceeding pending exhaustion of his claims be denied. (Doc. No. 16.) Specifically, the magistrate judge concluded that a federal habeas petition asserting only unexhausted claims is subject to dismissal, that petitioner's state habeas petition was then still pending before the California Supreme Court and that neither of the stay and abeyance procedures under *Rhines v. Weber*, 544 U.S. 269 (2005) or *Kelly v. Small,* 315 F.3d 1063 (9th Cir.

1 2003) were available to petitioner where, as here, the pending federal petition contained only
2 unexhausted claims.  (*Id*. at 2–3.)  In addition, the findings and recommendations concluded that
3 there was "no need" for the granting of a stay because petitioner would be entitled to statutory
4 tolling of the applicable limitations period in light of the pendency of his state court petition and
5 that, in any event, he had failed to show the required good cause for a stay under *Rhines* and
6 could not show that a *Kelly* stay was necessary due to a risk of forfeiture of his claims.  (*Id*. at 4.)
7       The pending findings and recommendations were served on the parties and contained
8 notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at
9 4.)  To date, no objections to the findings and recommendations have been filed, and the time in
10 which to do so has long since passed.
11       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
12 *de novo* review of the case.  Having carefully reviewed the entire file, the court declines to adopt
13 the findings and recommendations due, in part, to changed circumstances.  In this regard, the
14 California Supreme Court's docket in *Scoggins v. Schultz*, Case No. S285231 reflects that on
15 November 13, 2024, after the pending findings and recommendations were issued, the California
16 Supreme Court denied the habeas petition filed in that court.  The court observes that
17 respondent's pending motion to dismiss was based on the contention that petitioner had not
18 exhausted the claims asserted in his federal petition by presenting them to the state's highest
19 court. (Doc. No. 14 at 2.)  The court would note that it agrees with the assessment of the findings
20 and recommendations (Doc. No. 16 at 4) that in his very brief motion for a stay of these federal
21 habeas proceedings, petitioner failed to show good cause.  *See Rhines*, 544 U.S. at 278; *Doerr v.*
22 *Shinn*, 127 F.4th 1162, 1174 (9th Cir. 2025) ("To obtain a stay and abeyance order under *Rhines*,
23 a federal habeas petitioner must show:  (1) there is 'good cause for his failure' to present the
24 claim in state court; (2) the claim is 'potentially meritorious'; and (3) 'there is no indication that
25 the petitioner engaged in intentionally dilatory litigation tactics.'").  However, the undersigned
26 disagrees with the analysis set forth in the findings and recommendations to the extent it suggests
27 (Doc. No. 16 at 3–4) that where a federal habeas petition contains only unexhausted claims
28 neither *Rhines* nor *Kelley* provides for the granting of a stay pending exhaustion.  *See Bynoe v.*

*Baca*, 966 F.3d 972, 977 (9th Cir. 2020) ("[W]e later clarified that district courts can indeed stay and abey entirely unexhausted habeas petitions.") (citing *Mena v. Long*, 813 F.3d 907 (9th Cir. 2016)).

In light of the change in circumstances since the issuance of the findings and recommendations, the undersigned will decline to adopt them. Petitioner's motion for a stay will be denied without prejudice to its renewal, if appropriate and necessary, by way of a fully supported motion. In addition, respondent's motion to dismiss will be denied without prejudice to its renewal if respondent deems a renewed motion appropriate in light of the California Supreme Court's denial of the petition filed in that court.

Accordingly:

1. The undersigned declines to adopt the findings and recommendations filed September 20, 2024 (Doc. No. 16);

2. Petitioner's motion for a stay-and-abeyance order (Doc. No. 7), is denied without prejudice to its renewal if necessary and appropriate;

3. Respondent's unopposed motion to dismiss (Doc. No. 14), is denied without prejudice to its renewal if necessary and appropriate;

4. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 28, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3