IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SCOGGINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SCHULTZ,<br><br>　　　　Respondent. | No. 2:24-CV-1398-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss. See ECF No. 19. Petitioner has not filed any response to Respondent's motion.

　　　　On September 20, 2024, the undersigned recommended dismissal of Petitioner's unexhausted claims and found that a stay was not warranted. See ECF No. 16, pg. 4. The recommendation relied, in part, on the fact that because Petitioner's state court exhaustion proceedings are ongoing, Petitioner was entitled to statutory tolling. See id. On March 03, 2025, the District Judge declined to adopt the findings and recommendations. See ECF No. 17. The District Judge noted a change in circumstances due to California Supreme Court's denial of Petitioner's habeas petition and denied the motion to stay and motion to dismiss, both without prejudice to renewal. See id. and ECF No. 20-3. After this Court directed response from Respondent, Respondent filed a motion to dismiss arguing dismissal is appropriate because

1

1  Petitioner's claims were unexhausted at the time Petitioner filed the original petition. See ECF
2  No. 19. In support, Respondent cites Romero v. Harrington, 441 F. Appx. 425, 426 (9th Cir.
3  2011), where the Ninth Circuit held that the district court did not abuse its' discretion when
4  dismissing for failure to exhaust, as determined at the time the case was filed. See id.
5        Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required
6  before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy,
7  455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler,
8  336 F.3d 839 (9th Cir. 2003).  The exhaustion doctrine is based on a policy of federal and state
9  comity, designed to give state courts the initial opportunity to correct alleged constitutional
10 deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.
11 "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest
12 state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the
13 time the petitioner filed the habeas petition in federal court no state remedies are available to the
14 petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v.
15 Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional
16 requirement, and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39,
17 41 (9th Cir. 1997).  Unless the petitioner can show that a stay of the federal petition to allow for
18 state court exhaustion proceedings is warranted, a petition asserting unexhausted claims should be
19 dismissed.  See Mena v. Long, 813 F.3d 907 (9th Cir. 2016); Wooten v. Kirkland, 540 F.3d 1019,
20 1026 (9th Cir. 2008) (citing Rhines v. Weber, 544 U.S. at 278); Jefferson v. Budge, 419 F.3d
21 1013, 1016 (9th Cir. 2005). However, in Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999),
22 the Ninth Circuit acknowledged that the while the district court is not required to, it can
23 "ignore[]" a failure to exhaust and "reach the merits" of the petition, citing 28 U.S.C.
24 §2254(b)(2).
25       Here, Petitioner initiated the action on May 16, 2024, and did not exhaust his
26 claims in state court until November 13, 2024. See ECF No. 1 and ECF No. 20-3. Thus, the
27 undersigned finds Respondent's motion to dismiss for failure to exhaust should be granted.
28 However, consistent with the District Judge's determination that dismissal was not appropriate for

failure to exhaust because Petitioner had since exhausted his claims, the undersigned will recommend granting Petitioner leave to amend his petition to reassert his now exhausted claims. Pursuant to 28 U.S.C. § 2254(b)(2), the undersigned will also recommend that if Petitioner files an amended petition, Respondent be directed to file an answer addressing the merits of Petitioner's claims.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss, ECF No. 19, be GRANTED;

2. Petitioner be granted leave to file an amended petition to reassert the now exhausted claims; and

3. Respondent be directed to answer to an amended petition, addressing the merits of Petitioner's claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.

Dated: November 7, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3