UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SCOGGINS,

              Petitioner,

    v.

SCHULTZ,

              Respondent.

No. 2:24-cv-01398-DAD-DMC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS WITH LEAVE TO AMEND

(Doc. Nos. 19, 21)

Petitioner Gerald Scoggins is a state prisoner proceeding *pro se and in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 7, 2025, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss the pending petition because it asserted claims that were not exhausted at the time the pending petition was filed, even though they were exhausted within six months after the pending petition was filed with this court. (Doc. No. 21 at 2–3.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) To date, petitioner has not filed any objections and the time in which to do so has long since passed.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Accordingly,

1.     The findings and recommendations issued on November 5, 2025 (Doc. No. 21) are ADOPTED;

2.     Respondent's motion to dismiss the pending petition (Doc. No. 19) is granted[1];

3.     Petitioner is also granted leave to file an amended petition for federal habeas relief within thirty days of the service of this order in which he, of course, may reassert his original claims for relief which are now exhausted; and

4.     Respondent is directed to respond to any amended petition filed by petitioner within fourteen (14) days of its filing.

IT IS SO ORDERED.

Dated:    **March 12, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] Of course, respondent was not compelled to move to dismiss the original petition after petitioner's claims had been exhausted in state court. The decision to do so is a questionable use of scarce resources.