IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SCOGGINS,<br>Petitioner,<br>v.<br>SCHULTZ,<br>Respondent. | No. 2:24-CV-1398-DAD-ICD-P<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS ACTION WITHOUT PREJUDICE</u><br><br>(Doc. No. 23) |

Petitioner, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 16, 2024. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On March 13, 2026, the undersigned adopted the previously assigned magistrate judge's November 7, 2025 findings and recommendations (Doc. No. 21), and dismissed petitioner's original petition on the grounds that his claims were not exhausted at the time he filed his original federal habeas petition. (Doc. No. 22.) However, petitioner was leave to file an amended petition within (30) days of the service of the court's order upon him. (*Id.* at 2.)[1] However,

[1] The granting of leave to amend here appeared, as the court noted, particularly appropriate since petitioner had exhausted his claims in state court after the pending federal petition was filed. (Doc. No. 22 at 2, n1.)

despite being served with that order, petitioner did not file an amended petition with the court within the time provided. Accordingly, on May 13, 2026, the magistrate judge issued the pending findings and recommendations recommending that this habeas action be dismissed without prejudice due to petitioner's failure to prosecute and failure to comply with the court's orders. (Doc. No. 23.)

The findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.) No objections to the findings and recommendations were filed by petitioner, nor has he otherwise communicated with the court, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show: (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court concludes that reasonable jurists would not find the court's dismissal of the petition without prejudice to be debatable, wrong, or deserving of encouragement to proceed further.

Accordingly:

1. The findings and recommendations issued May 13, 2026 (Doc. No. 23), are adopted in full;
2. This action is dismissed without prejudice due to petitioner's failure to prosecute and failure to comply with court orders;

3. The Court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 31, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE